# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARICE DAVIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1859** |
| **LAFOURCHE PARISH SHERIFF'S OFFICE, ET AL.** | **SECTION "B"(3)** |

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Darice Davis, a state pretrial detainee, filed this civil action pursuant to 42 U.S.C. § 1983. In his original complaint, he sued the Lafourche Parish Sheriff's Office and the Lafourche Parish Detention Center Medical Department.[1] The Court notified plaintiff that neither of those entities was a proper defendant and ordered him to file an amended complaint.[2] He thereafter filed an amended complaint naming Sheriff Craig Webre, Head Nurse Celeste Andras, and Parish President Charlotte Randolph as defendants.[3]

In this lawsuit, plaintiff alleges that he has been denied proper medical care. Specifically, he alleges that he suffers from seizures and, as a result, a bottom bunk is a medical necessity. He further alleges that, although the need for a bottom bunk was documented in his medical records, he was denied such a bunk, was thereafter injured in a fall from a top bunk, and was denied adequate

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 4.

[3] Rec. Doc. 5.

medical care for his resulting injuries. The undersigned ordered production of a certified copy of plaintiff's medical records, and those records have been filed into this federal record.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[4] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

---

[4] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

2

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint,[5] the undersigned recommends that, for the following reasons, the claims against the Lafourche Parish Sheriff's Office, the Lafourche Parish Detention Center Medical Department, Sheriff Craig Webre, and Parish President Charlotte Randolph be dismissed as frivolous and/or for failure to state a claim on which relief may be granted.

### I. Lafourche Parish Sheriff's Office

Plaintiff named the Lafourche Parish Sheriff's Office as a defendant. However, that claim must be dismissed because "a sheriff's office is not a legal entity capable of being sued...." Cozzo

---

[5] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Campbell v. St. Tammany Parish Sheriff's Office, Civ. Action No. 09-3143, 2009 WL 1107251, at *1 (E.D. La. Apr. 23, 2009); Wetzel v. St. Tammany Parish Jail, 610 F. Supp. 2d 545, 548 (E.D. La.2009); Smith v. St. Tammany Parish Sheriff's Office, Civ. Action No. 07-3525, 2008 WL 347801, at *2 (E.D. La. Feb. 6, 2008); Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 904 (E.D. La. 2001); Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988).

## II.  Lafourche Parish Detention Center Medical Department

Plaintiff also sued the Lafourche Parish Detention Center Medical Department. However, that claim must also be dismissed because a jail's medical department is likewise not a distinct, juridical entity capable of being sued. Spriggins v. Orleans Parish Prison, Civ. Action No. 10-3219, 2010 WL 5525079, at *3 (E.D. La. Nov. 23, 2010), adopted, 2011 WL 39011 (E.D. La. Jan. 5, 2011); Jiles v. Orleans Parish Prison Medical Clinic, Civ. Action No. 09-8426, 2010 WL 3584059, at *2 (E.D. La. Sept. 7, 2010); Jacobson v. Gusman, Civ. Action No. 09-3695, 2009 WL 2870171, at *2 (E.D. La. Aug. 10, 2009), adopted, 2009 WL 2957961 (E.D. La. Aug. 26, 2009); see also Brewin v. St. Tammany Parish Correctional Center, No. 08-0639, 2009 WL 1491179, at *2 (W.D. La. May 26, 2009) ("[A] 'department' within a prison facility is not a 'person' under § 1983."); Martinez v. Larpenter, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); Oladipupo v. Austin, 104 F. Supp. 2d 626, 641-42 (W.D. La. 2000).

## III.  Sheriff Craig Webre

Plaintiff also sued Sheriff Craig Webre as a defendant. However, plaintiff has failed to state a proper claim against Webre in either his official or individual capacity.

"Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against Webre would in reality be a claim against the local governmental body itself. Alexander v. City of Gretna, Civ. Action No. 06-5405, 2010 WL 3791714, at *3 (E.D. La. Sept. 17, 2010); Weatherspoon v. Normand, Civ. Action No. 10-060, 2010 WL 724171, at *2-3 (E.D. La. Feb. 22, 2010). However, as the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not allege that he was denied medical care as a result of a policy or custom, much less identify such a policy or custom.

For these reasons, it is clear that plaintiff has failed to state a proper claim against Webre in his official capacity.

Plaintiff likewise has not stated a proper claim against Webre in his individual capacity. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Moreover, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Webre is not a member of the jail's medical staff, and plaintiff does not allege that Webre had any personal involvement whatsoever either in the failure to assign plaintiff to a bottom bunk as recommended in his medical records or in the purported denial of medical care for the injuries he allegedly sustained in his fall from the top bunk. Further, Webre may not be held liable pursuant to § 1983 under any theory of strict liability[6] or vicarious liability[7] for federal civil rights violations allegedly committed by his subordinates.

Out of an abundance of caution, the Court notes that plaintiff alleges that Webre failed to take appropriate action once plaintiff submitted an administrative grievance complaining about his

---

[6] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[7] Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." ); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

medical care. It is unclear whether he intended that allegation as an additional claim. However, if that was his intention, that claim has no merit because an inmate simply has no constitutional right to an adequate and effective grievance procedure or to have his complaints investigated and resolved to his satisfaction. Propes v. Mays, 169 Fed. App'x 183, 184-85 (5th Cir. 2006); Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005); Davis v. St. Charles Parish Correctional Center, Civ. Action No. 10-98, 2010 WL 890980, at *5 (E.D. La. Mar. 8, 2010); Carter v. Strain, Civ. Action No. 09-15, 2009 WL 3231826, at *3 (E.D. La. Oct. 1, 2009); Tyson v. Tanner, Civ. Action No. 08-4599, 2009 WL 2883056, at *5 (E.D. La. Aug. 25, 2009); George v. Travis, Civ. Action No. 07-986, 2007 WL 1428744, at *7 (E.D. La. May 10, 2007); Mahogany v. Miller, Civ. Action No. 06-1870, 2006 WL 4041973, at *1 (E.D. La. Aug. 3, 2006), appeal dismissed, 252 Fed. App'x 593 (5th Cir. 2007).

For all of these reasons, the claims against Sheriff Webre should be dismissed.

### IV.  Parish President Charlotte Randolph

Plaintiff also sued Parish President Charlotte Randolph. However, the claims against her should be dismissed, because plaintiff has likewise failed to state a nonfrivolous claim against her in either her official or individual capacity.

As previously explained, an official-capacity claim is actually a claim against the entity the official serves, and so an official-capacity claim against Randolph is in reality a claim against the parish government. However, as District Judge Donald E. Walter recently explained, the parish government is not responsible for the day-to-day operation of the jail or the supervision of the medical care provided therein:

> Sheriffs in Louisiana are final policy makers with respect to management of the jail. Jones [v. St. Tammany Parish Jail], 4 F.Supp.2d [606,] 613 (E.D. La. 1998)].

7

The Sheriff's policy-making authority over management of the jail is not the result of a delegation from the Parish or any other local governmental entity. Id. The Sheriff's authority is derived from the state constitution, not the parish. Id. (citing La. Const. art. 5 § 27). In accordance with Louisiana Revised Statute 13:5539, "[e]ach sheriff shall be keeper of the public jail of his parish." See also O'Quinn v. Manuel, 773 F.2d 605, 609 (5th Cir. 1985) ("the administration of the jails is the province of the sheriff"). This duty includes the obligation to provide medical care for the prisoners. Jones, 4 F.Supp.2d at 613; see also Oladipupo v. Austin, 104 F.Supp.2d 654, 661 (W.D. La. 2000) (sheriff is responsible for the administration of jail, including provision of medical care). The Court, in Jones, clearly enunciated the distinction between the Sheriff's responsibility and that of the Parish, in regards to management of jails:

> "The Parish has no authority to manage the Sheriff's employees. The Parish exercises no power or discretion in the functioning of the Sheriff's office or the jail. The Parish's responsibility to the jail is limited to the funding of the jail. See La.Rev.Stat. ann. § 15:702; [Amiss v. Dumas, 411 So.2d 1137, 1141 (La.App. 1st Cir.), writ denied, 415 So.2d 940 (La. 1982))]. The Parish's fiscal responsibility for the jail does not constitute authority to control how the Sheriff fulfills his duties. See [Jenkins v. Jefferson Parish Sheriff's Office, 402 So.2d 669, 671] (La. 1981) (neither the state nor the parish exercises any significant control over Sheriff's deputies)."

Id.

It follows that LaFourche Parish did not have a legal duty to oversee the daily management of the LaFourche Parish Detention Center, including the medical care provided to prisoners therein.

Bush v. LaFourche Parish Council, Civ. Action No. 09-3436, 2012 WL 258591, at *1-2 (E.D. La. Jan. 26, 2012). Therefore, because the parish government had no legal duty to oversee the jail's medical care or other daily operations, any claim against the parish government, in the form of an official-capacity claim against Randolph, has no merit.

Any individual-capacity claim against Randolph is likewise meritless because she was not personally involved in the day-to-day provision of medical care to plaintiff and played no legal role whatsoever in the daily operations of the jail.

## V. Head Nurse Celeste Andras

Lastly, plaintiff has sued Head Nurse Celeste Andras. Having reviewed the medical records in this case, the undersigned finds that, at least at this point, the claim against Andras should be allowed to proceed.

As plaintiff alleges, his need for a bottom bunk was documented in his medical records, and yet he was not assigned to one. As he also alleges, there was apparently a delay of several weeks between the time of his purported injury and the taking of x-rays. While the records do not necessarily establish that the actions here rose to the level of "deliberate indifference" to a "serious medical need" as necessary to support a constitutional claim,[8] and while is unclear precisely what role, if any, Andras played in the medical decisions made in plaintiff's case, the undersigned cannot at this point say that Andras is an improper defendant or that the claim against her is patently frivolous. Accordingly, the undersigned recommends that the claim against Andras be allowed to proceed pending further development. If this recommendation is adopted by the United States District Judge, the undersigned will order that Andras be served with the complaint and required to file a response.

---

[8] The federal constitutional rights of an incarcerated person, whether he is a pretrial detainee or a convicted prisoner, are violated only if his serious medical needs are met with deliberate indifference on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). The federal constitution does *not* require that an inmate's medical care be free from negligence or medical malpractice. Hall v. Thomas, 190 F.3d 693, 697-98 (5th Cir. 1999); see also Kelly v. Gusman, Civ. Action No. 07-611, 2007 WL 2007992, at *4 (E.D. La. July 5, 2007); Cerna v. Texas Tech Medical Staff, No. 2:03-CV-0322, 2004 WL 42602, at *2 (N.D. Tex. Jan. 7, 2004). Rather, claims of negligence or malpractice present issues of state law for state courts, not federal constitutional issues for a federal court. See Estelle v. Gamble, 429 U.S. 97, 107 (1976); Cerna, 2004 WL 42602, at *2.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims against the Lafourche Parish Sheriff's Office, the Lafourche Parish Detention Center Medical Department, Sheriff Craig Webre, and Parish President Charlotte Randolph be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that the claim against Head Nurse Celeste Andras be allowed to proceed pending further development.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[9]

New Orleans, Louisiana, this twenty-ninth day of October, 2012.

*Daniel E. Knowles, III*
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[9] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.