UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARICE DAVIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1859** |
| **LAFOURCHE PARISH SHERIFF'S OFFICE, ET AL.** | **SECTION "B"(3)** |

**REPORT AND RECOMMENDATION**

Plaintiff, Darice Davis, filed this civil action pursuant to 42 U.S.C. § 1983. In his original complaint, he sued the Lafourche Parish Sheriff's Office and the Lafourche Parish Detention Center Medical Department.[1] The Court notified plaintiff that neither of those entities was a proper defendant and ordered him to file an amended complaint.[2] He thereafter filed an amended complaint naming Sheriff Craig Webre, Head Nurse Celeste Andras, and Parish President Charlotte Randolph as defendants.[3]

In this lawsuit, plaintiff alleged that he was denied proper medical care while incarcerated at the Lafourche Parish Detention Center. Specifically, he alleged that he suffered from seizures and, as a result, a bottom bunk was a medical necessity. He further alleged that, although the need for a bottom bunk was documented in his medical records, he was denied such a bunk, was

---

[1]   Rec. Doc. 1.

[2]   Rec. Doc. 4.

[3]   Rec. Doc. 5.

thereafter injured in a fall from a top bunk, and was denied adequate medical care for his resulting injuries.

In order to perform the screening function mandated by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the undersigned ordered production of a certified copy of plaintiff's medical records,[4] and those records were filed into this federal record.[5] Those records showed that, as plaintiff alleged, his need for a bottom bunk was documented in his medical records, and yet he was not assigned one. As he also alleged, there was apparently a delay of several weeks between the time of his purported injury and the taking of x-rays. While those records did not necessarily establish that the actions here rose to the level of deliberate indifference to a serious medical need as necessary to support a constitutional claim, and while it was unclear precisely what role, if any, Andras played in the medical decisions made in plaintiff's case, the Court could not at that point say that the claim against Andras was patently frivolous. Accordingly, that claim was allowed to proceed pending further development; however, the claims against all of the other defendants were dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).[6]

---

[4] Rec. Doc. 6.

[5] Rec. Doc. 7.

[6] Rec. Doc. 10.

Andras was thereafter served with the complaint and filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[7] Plaintiff was ordered to file a memorandum in opposition to that motion on or before January 9, 2013;[8] however, no such opposition has been filed.

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks and ellipsis omitted). Accordingly, Rule 12(b)(6) allows a defendant to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679.

Further, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint

---

[7] Rec. Doc. 14.

[8] Rec. Doc. 16.

are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d at 205 (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Iqbal, 556 U.S. at 678 (citations and quotation marks omitted).

In her motion, Andras argues that plaintiff has not properly stated a claim against her in her official capacity. She is clearly correct. "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against Andras would in reality be a claim against the local governmental body itself. Alexander v. City of Gretna, Civ. Action No. 06-5405, 2010 WL 3791714, at *3 (E.D. La. Sept. 17, 2010); Weatherspoon v. Normand, Civ. Action No. 10-060, 2010 WL 724171, at *2 (E.D. La. Feb. 22, 2010). However, the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Further, "[a] plaintiff may not infer a policy merely because

harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009).  Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights.  See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3.  In the instant case, plaintiff does not allege that his rights were violated as a result of a policy or custom, much less identify such a policy or custom.  He therefore has failed to state a proper official-capacity claim against Andras.

Andras also argues that plaintiff's allegations are insufficient to state an individual-capacity claim against her.  For the following reasons, that argument likewise has merit.

The federal constitutional rights of an incarcerated person, regardless of whether he is a pretrial detainee or a convicted prisoner, are violated only if his serious medical needs are met with "deliberate indifference" on the part of penal authorities.  See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999).  The United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference.  Rather, the plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.  Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001)  (quotation marks, brackets, and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

In his amended complaint, plaintiff stated his claim against Andras as follows:

I was injured and the Head Nurse who is in charge of the Lafourche Parish detention center medical department did not perform or request I be given proper medical attention and I was not given attention in a timely manner.  X Rays were taken 2 ½ weeks after injury because they allowed to [sic] much time for swelling.  In which I was place [sic] back in same bunk.[9]

It is clear that "[p]laintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation.  This standard requires more than conclusional assertions:  The plaintiff must allege specific facts giving rise to the constitutional claims."  Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted).  Moreover, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).  Here, as Andras correctly argues, the foregoing allegations against her are largely conclusory and, in any event, fail properly to allege that she *personally* acted with *deliberate indifference*.  For example, plaintiff does not allege that Andras *personally* denied him medical attention, x-rays, or a bottom bunk.  Moreover, even if someone under her supervision did one or more of those things, that is of no moment in this federal proceeding.  It is well established that a supervisory official may not be held liable pursuant to 42 U.S.C. § 1983 under any theory of vicarious liability for federal civil rights violations allegedly

---

[9]   Rec. Doc. 5, p. 6.

6

committed by her subordinates. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." ); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008).

Even broadly construed, plaintiff's allegations at best allege negligence or malpractice on Andras' part. However, the federal constitution simply does not require that an inmate's medical care be free from negligence or medical malpractice. Hall v. Thomas, 190 F.3d 693, 697-98 (5th Cir. 1999); see also Kelly v. Gusman, Civ. Action No. 07-611, 2007 WL 2007992, at *4 (E.D. La. July 5, 2007); Cerna v. Texas Tech Medical Staff, No. 2:03-CV-0322, 2004 WL 42602, at *2 (N.D. Tex. Jan. 7, 2004). Claims of negligence or malpractice instead present issues of state law for state courts, not federal constitutional issues for a federal court. See Estelle v. Gamble, 429 U.S. 97, 107 (1976); Cerna, 2004 WL 42602, at *2.

Lastly, to the extent that plaintiff is in fact attempting to assert claims under state law in this Court, the Court should decline to consider any such claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction ...."); see also Jackson v. Mizzel, 361 Fed. App'x 622, 627 (5th Cir. 2010) ("Because [the plaintiff] states not one valid federal claim, the district court properly declined jurisdiction over his Louisiana causes of action."); Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial,

the general rule is to dismiss any pendent claims."). If plaintiff wishes to pursue claims under state law, he must do so in the state courts.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the unopposed motion to dismiss filed by Celeste Andras, Rec. Doc. 14, be **GRANTED** and that the claims against her be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[10]

New Orleans, Louisiana, this twenty-first day of February, 2013.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

8